**MIN NING LIN and Xiao Wei Lin, Petitioners,**

v.

**Eric H. HOLDER JR., Attorney General, Respondent.**

**No. 11–72669.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2013.[*]

Filed Aug. 15, 2013.

Jisheng Li, Law Office of Jisheng Li, Honolulu, HI, for Petitioner.

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

OIL, DOJ–U.S. Department of Justice, Washington, DC, ICE, Chief Counsel, Office of the Chief Counsel Department of Homeland Security San Francisco, CA, for Respondent.

Before: HAWKINS, THOMAS, and McKEOWN, Circuit Judges.

## MEMORANDUM [**]

Min Ning Lin ("Lin") and Xiao Wei Lin, natives and citizens of China, petition for review of the Board of Immigration Appeals's ("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision denying their applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder,* 590 F.3d 1034, 1039–40 (9th Cir.2010). We deny the petition for review.

Substantial evidence supports the BIA's adverse credibility determination based on an inconsistency between Lin's testimony that she got divorced in the year 2000 and a household registry indicating that she was married as of 2009. *See id.* at 1048 (adverse credibility finding reasonable under the totality of the circumstances). The BIA was not required to accept Lin's explanations for this inconsistency. *See Zamanov v. Holder,* 649 F.3d 969, 974 (9th Cir.2011). Because a reasonable adjudica-

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

tor would not be "compelled to conclude" that Lin is credible, 8 U.S.C. § 1252(b)(4)(B), we uphold the agency's adverse credibility determination. In the absence of credible testimony, Lin's asylum and withholding of removal claims fail. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). As a derivative petitioner, Xiao Wei Lin's claims fail with Lin's. *See Don v. Gonzales,* 476 F.3d 738, 739 n. 1 (9th Cir.2007).

**PETITION DENIED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.